## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHARLENE PETERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  07-2235 KHV** |
| | ) | |
| **GREYSTONE GRAPHICS, INC** | ) | |
| | ) | |
| **Registered Agent:** | ) | |
| **Jim Lloyd** | ) | |
| **101 Greystone Ave.** | ) | |
| **Kansas City, KS 66103** | ) | |
| **Defendant.** | ) | |
| | ) | |

_____

## COMPLAINT

**COMES NOW**, Charlene Peterson by and through her attorneys, and states the following for her cause of action.

### Parties

1.      At all times relevant to this action, Plaintiff was a resident of Kansas City, Jackson County, Missouri.

2.      At all times relevant to this action, Defendant was a corporation organized under the laws of the State of Kansas. Defendant's registered agent in Kansas is Jim Lloyd, located in Wyandotte County at 101 Greystone Ave, Kansas City, KS 66103.

3.      Defendant is an employer as defined by and within the meaning of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §12111 *et seq.*

4.      Defendant is an employer as defined by and within the meaning of Title VII of the Civil

Rights Act of 1964, as amended, 42 USC 2000e, *et. seq.*(hereinafter "Title VII").

## Jurisdiction and Venue

5.     Plaintiff asserts her claims pursuant to Title VII, 42 U.S.C. § 2000e-5; 42 U.S.C. §1981 and the ADA 42 U.S.C. §12111 *et seq.* Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1331 and §1343.    This Court has supplemental jurisdiction for Counts VI &VII of Plaintiff's Complaint pursuant to 28 U.S.C. §1367(a).

6.     Venue properly lies in this Court at Kansas City, Kansas pursuant to 28 U.S.C. §1391 (b) and (c) in that the events giving rise to this action occurred in Wyandotte County, Kansas within the District of Kansas.

## Jurisdictional Prerequisites

7.     Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission alleging that she had been discriminated against in violation of Title VII based upon her race, age, disability and retaliation.

8.     A Right to Sue letter has been issued by the Equal Employment Opportunity Commission, and this action is being brought within ninety (90) days of the receipt of such Right to Sue letter.

9.     Plaintiff has fulfilled all conditions precedent to the bringing of this claim under the Title VII and the ADA and has duly exhausted all administrative procedures prior to instituting this lawsuit in accordance with the law.

## Factual Background

10.     Plaintiff commenced her employment with Defendant as a Book Binder II in February of 1977.  Plaintiff continued in her position as Book Binder II until her discharge on April 13, 2006.  At the time of Plaintiff's discharge Plaintiff was Defendant's most senior Book Binder II.

11.     On May 29, 2002, Plaintiff suffered an injury to her knee while working in the course and scope of her employment with Defendant.

12.     Following Plaintiff's injury to her knee, Plaintiff asserted her rights pursuant to the Kansas Workers Compensation Law and filed a claim seeking compensation for her injuries as provided by law.

13.     On May 13, 2003, the physician that Defendant had sent Plaintiff to for treatment for her work injuries permanently restricted Plaintiff to performing mostly sedentary work.

14.     On June 27, 2003 Plaintiff met with Mr. John Ryan, the Operations Manager of Defendant, who informed Plaintiff that the Defendant could no longer accommodate sedentary jobs. However, Mr. Ryan continued to permit Plaintiff to perform her job as a Book Binder II.

15.     On October 8, 2004, in accordance with the procedures pursuant to the Kansas Workers Compensation Law, Plaintiff underwent an Independent Medical Evaluation for her injury. The physician examining Plaintiff found that Plaintiff has sustained a 5% permanent partial disability as a result of this injury and that Plaintiff should continue with a sedentary type of job as a permanent restriction.

16.     On December 21, 2004, Plaintiff requested that she be accommodated under the American with Disabilities Act.  Defendant continued to allow Plaintiff to perform her job as a Book Binder II.

17.     On December 15, 2005, Plaintiff settled her worker's compensation claim with Defendant.

18.     Defendant's Human Resources Manager Shirley Hill first learned that Plaintiff had settled her worker's compensation claim on March 3, 2006.

19.     On April 6, 2006, Shirley Hill met with Plaintiff and informed Plaintiff that since Plaintiff had settled her workers compensation claim that Defendant would no longer accommodate Plaintiff's restrictions.  This  is despite the fact that Defendant had been accommodating Plaintiff's restrictions since at least 2004.

20.     Defendant discharged Plaintiff on April 13, 2006.

21.     Following the filing of a grievance by Plaintiff with her union and a hearing held before an impartial arbitrator, Defendant was ordered by the arbitrator to reinstate Plaintiff to her position as a Book Binder II, with full back pay.

22.     Despite the Arbitrator's order of reinstatement, Defendant has refused, and continues to refuse to reinstate Plaintiff to her position as a Book Binder II.

23.     On or about February 13, 2007, Mr. James Lloyd advised Plaintiff that if she dropped her grievance and EEOC charge that she would be returned to work immediately.

## Count I
## Disability Discrimination

Comes Now Plaintiff and for Count V of her Petition for Damages against Defendants states and avers the following:

24.     Plaintiff hereby incorporates by reference, as though fully set forth herein, those allegations contained in paragraphs 1 through 23 of her Complaint.

25.     Upon information and belief, Defendant intentionally engaged in unlawful employment practices which violated Plaintiff's rights under the Americans With Disabilities Act, by discharging Plaintiff from her employment and by continuing to refuse to allow Plaintiff to return her position as a Book Binder II either because of Plaintiff's disability or because Defendant perceived Plaintiff as having

4

a disability, all in violation of 42 U.S.C. § 12101, *et seq*.

26.     The discharge of Plaintiff by Defendant was without any legal justification and in violation of the ADA.  At the time of Plaintiff's discharge, she was a qualified employee and was performing the essential functions of his job with Defendant with or without accommodations. Defendant could have reasonably accommodated Plaintiff but refused to do so in violation of the ADA.

27.     Defendant's failure to make reasonable accommodations to Plaintiff's  disability constitutes discrimination against Plaintiff, with respect to the terms, conditions or privileges of employment.

28.     In failing to make reasonable accommodation to Plaintiff's disability, Defendant acted with malice or with reckless indifference to the fairly protected rights of Plaintiff.

29.     Defendant's misconduct violates Federal statutes prohibiting discrimination on the basis of handicap/disability, 42 U.S.C. § 12101, *et seq*.

30.     All of Defendant's unlawful discriminatory conduct against Plaintiff was intentional, malicious, outrageous, reckless and illegal, and was directed toward Plaintiff because of her handicap/disability in violation of 42 U.S.C. § 12101, *et seq*., thus entitling Plaintiff to actual and punitive damages in such amount as a jury finds reasonable.

31.     As a direct and proximate result of Defendant's unlawful violation of Plaintiff's rights, as alleged above, Plaintiff has suffered substantial actual damages, including, but not limited to, lost income and employee benefits, career disruption, lost pension and other fringe benefits, and non-economic loss in the form of prestige, embarrassment, humiliation, mental distress and anxiety and inconvenience, all in an amount which cannot be ascertained precisely at this time, but which will be established in the course of discovery of comparative data regarding earnings and benefits by other employees.

32.     Plaintiff is also entitled to compensatory damages for pain and suffering, loss of enjoyment of life, humiliation, mental distress and anxiety and inconvenience.

33.     Because Defendant's conduct, as set forth above, was willful, wanton, outrageous, malicious, and/or in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages in such amount as a jury would deem fair and reasonable.

**WHEREFORE**, Plaintiff prays the following:

(a)     That the Court adjudge and decree, after jury trial, Defendant has discriminated against Plaintiff based upon her handicap/disability, or Defendant's perception as to same;

(b)     That Plaintiff have judgment against Defendant, after jury trial, in an amount sufficient to make Plaintiff completely whole for the entire loss of income and all other employment benefits she has suffered as a result of Defendant's unlawful employment practices, including, but not limited to, back-pay in an amount commensurate with that paid to employees occupying positions and responsibilities similar to those occupied by Plaintiff at the time of discharge; all increases in salary and other benefits which would have been enjoyed by Plaintiff had she not been unlawfully terminated; all wage increases and reimbursement by any and all lost fringe benefits, social security contributions; and any and all monetary and non-monetary actual compensatory damages to which Plaintiff is entitled for the injury and damages she has suffered;

(c)     That after jury trial, the Court enter judgment for all compensatory damages awarded by the jury, including damages for emotional, pain and suffering and inconvenience and mental anguish in amounts as proven at trial;

(d)     That after jury trial, the Court order Defendant to reinstate Plaintiff immediately to her former position, with all appropriate increases in salary and benefits, or in lieu of reinstatement, order Defendant to pay Plaintiff a reasonable award allowed by law for her future economic losses, plus prejudgment interest on all back pay found by the jury to be due and owing to the date of trial;

(e)     That after jury trial, the Court grant a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates or harasses employees, including Plaintiff, because of her disability;

(f)     That after jury trial, the Court allow Plaintiff her costs incurred herein, including reasonable attorney fees, and all other costs and expenses;

(g)      That after jury trial, the Court grant such additional affirmative relief as the Court may deem just and proper.


## Count II
## Retaliation

Comes Now Plaintiff and for Count II of her Complaint against Defendant  states and avers as follows:

34.      Plaintiffs adopts and incorporates by reference, as though more fully set forth herein, paragraphs 1 through 33 of her Complaint.

35.      Plaintiff exercised her rights guaranteed to her under the law to be free of discrimination by objecting to the discriminatory treatment she was receiving while employed at Defendant by complaining to her supervisors, filing a grievance with her union and filing charges of discrimination the EEOC,  and KHRC.

36.      Upon information and belief, because and after Plaintiff exercised her rights guaranteed to her by the law to be free of discrimination Defendants' have retaliated against her in all the following ways, including but not limited to, discharging Plaintiff and refusing to return Plaintiff to work despite being ordered to do so. Defendant has further advised Plaintiff that she can return to work if she drops her grievance and charge filed with the EEOC and KHRC.

37.      This retaliation against Plaintiff was willful, intentional, malicious and with reckless indifference to the rights of Plaintiff and violated § 704 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3.

38.      As a direct and proximate result of Defendants' unlawful violation of Plaintiff's rights, as alleged above, Plaintiff has suffered substantial actual damages, including but not limited to, lost income

and employee benefits, career disruption, lost pension and other fringe benefits, and non-economic loss in the form of prestige, embarrassment, humiliation, mental distress and anxiety and inconvenience, all in an amount which cannot be ascertained precisely at this time, but which will be established in the course of discovery of comparative data regarding earnings and benefits by other employees.  Plaintiff alleges on information and belief past and future monetary losses and prejudgment interest all in an amount yet to be determined.

39.     Plaintiff is also entitled to compensatory damages for pain and suffering, loss of enjoyment of life, humiliation, mental distress and anxiety and inconvenience, all in an amount yet to be determined.

**WHEREFORE**, Plaintiff prays the following:

(a)     That the Court adjudge and decree, after jury trial, Defendant has retaliated against Plaintiff for exercising her rights under the law to be free from discriminatory conduct;

(b)     That Plaintiff have judgment against Defendant, after jury trial, in an amount sufficient to make Plaintiff completely whole for the entire loss of income and all other employment benefits she has suffered as a result of Defendants' unlawful employment practices, including, but not limited to, back-pay in an amount commensurate with that paid to employees occupying positions and responsibilities similar to those occupied by Plaintiff at the time of discharge; all increases in salary and other benefits which would have been enjoyed by Plaintiff had she not been unlawfully terminated; all wage increases and reimbursement by any and all lost fringe benefits, social security contributions; and any and all monetary and non-monetary actual compensatory damages to which Plaintiff is entitled for the injury and damages she has suffered;

(c)     That after jury trial, the Court enter judgment for all compensatory damages awarded by the jury, including damages for emotional, pain and suffering and inconvenience and mental anguish in amounts as proven at trial;

(d)     That after jury trial, the Court order Defendant to reinstate Plaintiff immediately to her former position, with all appropriate increases in salary and benefits, or in lieu of reinstatement, order Defendant to pay Plaintiff a reasonable award allowed by law for her future economic losses, plus prejudgment interest on all back pay found by the jury to be due and owing to the date of trial;

8

(e)   That after jury trial, the Court grant a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates or harasses employees, including Plaintiff, because of her race, disability and age;

(f)   That after jury trial, the Court allow Plaintiff her costs incurred herein, including reasonable attorney fees, and all other costs and expenses;

(g)   That after jury trial, the Court grant such additional affirmative relief as the Court may deem just and proper.

## Count III
## § 1981 Race Discrimination

Comes Now Plaintiff and for Count III of her Complaint against Defendant and states and avers as follows:

40.   Plaintiff adopts and incorporates by reference, as though more fully set forth herein, paragraphs 1 though 39 of her Complaint.

41.   Plaintiff is a black female and therefore a member of the protected class pursuant to 42 U.S.C. § 1981 *et. seq*.

42.   Upon information and belief, Defendant's harassment, treatment, discipline, suspension and discharge of Plaintiff is based, in whole or in part, on Plaintiff's race, black.

43.   Upon information and belief, Plaintiff was treated adversely in relation to the terms and conditions of her employment on the basis of her race.

44.   As a direct and proximate result of Defendants' unlawful violation of Plaintiff's rights, as alleged above, Plaintiff has suffered substantial actual damages, including but not limited to, lost income and employee benefits, career disruption, lost pension and other fringe benefits, and non-economic loss in the

form of prestige, embarrassment, humiliation, mental distress and anxiety and inconvenience, all in an

amount which cannot be ascertained precisely at this time, but which will be established in the course of

discovery of comparative data regarding earnings and benefits by other employees.  Plaintiff alleges on

information and belief past and future monetary losses and prejudgment interest all in an amount yet to be

determined.

      45.    Plaintiff is also entitled to compensatory damages for pain and suffering, loss of enjoyment

of life, humiliation, mental distress and anxiety and inconvenience, all in an amount yet to be determined.


      46.    The discriminatory treatment of Plaintiff was conducted intentionally and with reckless

indifference to the rights of Plaintiff was with willful disregard for Plaintiff's working conditions or well being.

**WHEREFORE**, Plaintiff prays the following:

(a)    That the Court adjudge and decree, after jury trial, Defendant has discriminated or harassed Plaintiff based upon her race;

(b)    That Plaintiff have judgment against Defendant, after jury trial, in an amount sufficient to make Plaintiff completely whole for the entire loss of income and all other employment benefits she has suffered as a result of Defendants' unlawful employment practices, including, but not limited to, back-pay in an amount commensurate with that paid to employees occupying positions and responsibilities similar to those occupied by Plaintiff at the time of discharge; all increases in salary and other benefits which would have been enjoyed by Plaintiff had she not been unlawfully terminated; all wage increases and reimbursement by any and all lost fringe benefits, social security contributions; and any and all monetary and non-monetary actual compensatory damages to which Plaintiff is entitled for the injury and damages she has suffered;

(c)    That after jury trial, the Court enter judgment for all compensatory damages awarded by the jury, including damages for emotional, pain and suffering and inconvenience and mental anguish in amounts as proven at trial;

(d)    That after jury trial, the Court order Defendant to reinstate Plaintiff immediately to her former position, with all appropriate increases in salary and benefits, or in lieu of reinstatement, order Defendant to pay Plaintiff a reasonable award allowed by law for her

future economic losses, plus prejudgment interest on all back pay found by the jury to be due and owing to the date of trial;

(e)     That after jury trial, the Court grant a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates or harasses employees, including Plaintiff, because of her race;

(f)     That after jury trial, the Court order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities to black employees, including Plaintiff, and which eradicate the effects of past and present unlawful employment practices;

(g)     That after jury trial, the Court allow Plaintiff her costs incurred herein, including reasonable attorney fees, and all other costs and expenses;

(h)     That after jury trial, the Court grant such additional affirmative relief as the Court may deem just and proper.

## Count IV
## Title VII- Racial Discrimination

Comes Now Plaintiff and for Count I of her Complaint against Defendant states and avers as follows:

47.     Plaintiff adopts and incorporates by reference, as though more fully set forth herein, paragraphs 1 though 46 of this Complaint.

48.     Plaintiff is a black female and therefore is member of a protected class pursuant to Title VII.

49.     Upon information and belief, Defendant's actions, as noted above, were discriminatory, harassing and were responsible for creating a racially hostile, abusive and intimidating work environment.

50.     Upon information and belief, Defendant's actions, as noted above, were based, in whole or in part, on Plaintiff's race, black.

51.     Upon information and belief, Plaintiff was treated adversely in relation to the terms and conditions of her employment on the basis of her race.

52.     As a direct and proximate result of Defendant's unlawful violation of Plaintiff's rights, as alleged above, Plaintiff has suffered substantial actual damages, including but not limited to, lost income and employee benefits, career disruption, lost pension and other fringe benefits, and non-economic loss in the form of prestige, embarrassment, humiliation, mental distress and anxiety and inconvenience, all in an amount which cannot be ascertained precisely at this time, but which will be established in the course of discovery of comparative data regarding earnings and benefits by other employees.  Plaintiff alleges on information and belief past and future monetary losses and prejudgment interest all in an amount yet to be determined.

53.     Plaintiff is also entitled to compensatory damages for pain and suffering, loss of enjoyment of life, humiliation, mental distress and anxiety and inconvenience, all in an amount yet to be determined.

54.     The discriminatory treatment of Plaintiff was conducted intentionally and with reckless indifference to the rights of Plaintiff was with willful disregard for Plaintiff's working conditions or well being.

**WHEREFORE**, Plaintiff prays the following:

(a)     That the Court adjudge and decree, after jury trial, Defendant has discriminated or harassed Plaintiff based upon her race;

(b)     That Plaintiff have judgment against Defendant, after jury trial, in an amount sufficient to make Plaintiff completely whole for the entire loss of income and all other employment benefits she has suffered as a result of Defendant's unlawful employment practices, including, but not limited to, back-pay in an amount commensurate with that paid to employees occupying positions and responsibilities similar to those occupied by Plaintiff at the time of discharge; all increases in salary and other benefits which would have been

enjoyed by Plaintiff had she not been unlawfully terminated; all wage increases and reimbursement by any and all lost fringe benefits, social security contributions; and any and all monetary and non-monetary actual compensatory damages to which Plaintiff is entitled for the injury and damages she has suffered;

(c)     That after jury trial, the Court enter judgment for all compensatory damages awarded by the jury, including damages for emotional, pain and suffering and inconvenience and mental anguish in amounts as proven at trial;

(d)     That after jury trial, the Court order Defendant to reinstate Plaintiff immediately to her former position, with all appropriate increases in salary and benefits, or in lieu of reinstatement, order Defendant to pay Plaintiff a reasonable award allowed by law for her future economic losses, plus prejudgment interest on all back pay found by the jury to be due and owing to the date of trial;

(e)     That after jury trial, the Court grant a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates or harasses employees, including Plaintiff, because of her race;

(f)     That after jury trial, the Court order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities to black employees, including Plaintiff, and which eradicate the effects of past and present unlawful employment practices;

(g)     That after jury trial, the Court allow Plaintiff her costs incurred herein, including reasonable attorney fees, and all other costs and expenses;

(h)     That after jury trial, the Court grant such additional affirmative relief as the Court may deem just and proper.

## Count V
## Age Discrimination

Comes Now Plaintiff and for Count III of her Complaint against and states and avers as follows:

55.     Plaintiff adopts and incorporates by reference, as though more fully set forth herein, paragraphs 1 though 54 of her Complaint.

56.     Plaintiff was born July 12, 1951, and was 55 years old when terminated.

57.     On information and belief, Defendant's termination of Plaintiff and Defendant's refusal to

return Plaintiff to her position as a Book Binder II was based, in whole or in part, on Plaintiff's age.

58.     These actions of the Defendant are discriminatory and retaliatory and constitute disparate treatment towards Plaintiff, and unlawful employment practices in violation of the ADEA, 29 U.S.C. § 621 *et seq*.

59.     On information and belief, at the time of Defendant's unlawful conduct towards Plaintiff, and thereafter, Defendant has retained and continued to employ persons younger, and with less experience than Plaintiff in jobs for which Plaintiff is and was qualified.

60.     The actions of the Defendant were willful, calculated toward Plaintiff, or were in reckless disregard of her rights, and as such, constituted willful violations of the ADEA, 29 U.S.C. § 621 *et seq*.

61.     The actions of the Defendant towards Plaintiff and other persons within the protective class under the ADEA, evidence a pattern and practice of willful discrimination and retaliation in violation of the provisions of the ADEA, 29 U.S.C. § 621 *et seq*.

62.      Plaintiff has been monetarily damaged by Defendant's unlawful employment practices, including its violation of the ADEA.

63.     As a direct and proximate result of Defendant's unlawful violation of Plaintiff's rights, as alleged above, Plaintiff has suffered substantial actual damages, including but not limited to, lost income and employment benefits, career disruption, lost pension and other fringe benefits, and non-economic loss in the form of prestige, embarrassment, humiliation, mental distress and anxiety and inconvenience, all in an amount which cannot be ascertained precisely at this time, but which will be established in the course of discovery  of comparative data regarding earnings and benefits by other employees. Plaintiff alleges on information and belief past and future monetary losses and prejudgment interest in an amount yet to be determined.

64.    Plaintiff is also entitled to liquidated damages for willful violation of the ADEA, in an amount equal to actual damages.

**WHEREFORE**, Plaintiff prays the following:

(a)    That the Court adjudge and decree, after jury trial, Defendant has discriminated Plaintiff based upon her age;

(b)    That Plaintiff have judgment against Defendant, after jury trial, in an amount sufficient to make Plaintiff completely whole for the entire loss of income and all other employment benefits she has suffered as a result of Defendants' unlawful employment practices, including, but not limited to, back-pay in an amount commensurate with that paid to employees occupying positions and responsibilities similar to those occupied by Plaintiff at the time of discharge; all increases in salary and other benefits which would have been enjoyed by Plaintiff had she not been unlawfully terminated; all wage increases and reimbursement by any and all lost fringe benefits, social security contributions; and any and all monetary and non-monetary actual compensatory damages to which Plaintiff is entitled for the injury and damages she has suffered;

(c)    That after jury trial, the Court enter judgment for all compensatory damages awarded by the jury, including damages for emotional, pain and suffering and inconvenience and mental anguish in amounts as proven at trial;

(d)    That after jury trial, the Court enter judgment for liquidated damages awarded by the jury as the consequence of the willful nature of Defendant's  unlawful employment practices against Plaintiff;

(e)    That after jury trial, the Court order Defendant to reinstate Plaintiff immediately to her former position, with all appropriate increases in salary and benefits, or in lieu of reinstatement, order Defendant to pay Plaintiff a reasonable award allowed by law for her future economic losses, plus prejudgment interest on all back pay found by the jury to be due and owing to the date of trial;

(f)    That after jury trial, the Court grant a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates or harasses employees, including Plaintiff, because of her age;

(g)    That after jury trial, the Court allow Plaintiff her costs incurred herein, including reasonable attorney fees, and all other costs and expenses;

(h)    That after jury trial, the Court grant such additional affirmative relief as the Court may deem just and proper.

<u>**Count VI**</u>
<u>**Retaliatory Discharge - Workmens' Compensation**</u>

65.     Plaintiff adopts and incorporates by reference, as more fully set forth herein,

paragraphs 1 through 64 of her complaint.

66.     Upon information and belief, Defendant's decision to terminate Plaintiff's employment

was in retaliation for Plaintiff suffering and reporting a work-related injury, for Plaintiff informing

Defendant her injury had occurred at work and for settling her workers compensation claim against

Defendant.

67.     Defendant's termination of Plaintiff was in violation of Kansas's public policy which

prohibits an employer from retaliating against an employee who exercises her right under Chapter 44 of

the Kansas Revised Statutes.

68.     As a direct result of Defendant's retaliatory termination of Plaintiff, Plaintiff was

damaged in the following respects, including but not limited to, loss of income, loss of benefits,

humiliation, and pain and suffering, and Plaintiff will continue to sustain such damages in the future.

69.     Defendant's termination of Plaintiff was willful and deliberate and with reckless

disregard for the rights of the Plaintiff, thereby entitling Plaintiff to exemplary and/or punitive damages in

an amount that will punish Defendant and deter Defendant and others from like conduct in the future


**WHEREFORE**, Plaintiff prays the following:

(a)     That the Court adjudge and decree, after jury trial, Defendant has terminated Plaintiff
        because she exercised her rights under the Kansas Workers Compensation Law;

(b)     That Plaintiff have judgment against Defendant, after jury trial, in an amount sufficient

to make Plaintiff completely whole for the entire loss of income and all other employment benefits she has suffered as a result of Defendants' unlawful employment practices, including, but not limited to, back-pay in an amount commensurate with that paid to employees occupying positions and responsibilities similar to those occupied by Plaintiff at the time of discharge; all increases in salary and other benefits which would have been enjoyed by Plaintiff had she not been unlawfully terminated; all wage increases and reimbursement by any and all lost fringe benefits, social security contributions; and any and all monetary and non-monetary actual compensatory damages to which Plaintiff is entitled for the injury and damages she has suffered;

(c)     That after jury trial, the Court enter judgment for all compensatory damages awarded by the jury, including damages for emotional, pain and suffering and inconvenience and mental anguish in amounts as proven at trial;

(d)     That after jury trial, the Court order Defendant to reinstate Plaintiff immediately to her former position, with all appropriate increases in salary and benefits, or in lieu of reinstatement, order Defendant to pay Plaintiff a reasonable award allowed by law for her future economic losses, plus prejudgment interest on all back pay found by the jury to be due and owing to the date of trial;

(e)     That after jury trial, the Court grant a permanent injunction enjoining Defendant from engaging in any employment practice which terminates employees, including Plaintiff, because they have filed a workmens' compensation claim;

(f)     That after jury trial, the Court allow Plaintiff her costs incurred herein, including reasonable attorney fees, and all other costs and expenses;

(g)     That after jury trial, the Court grant such additional affirmative relief as the Court may deem just and proper.


## Count VII
## Intentional Infliction of Emotional Distress

Comes Now Plaintiff and for  Count IV of her Complaint against states and avers as follows:

70.     Plaintiff adopts and incorporates by reference, as though more fully set forth herein,

paragraphs 1 though 69 of this Complaint.

71.     Defendant intentionally, and illegally discriminated against Plaintiff, all as set forth above.

17

72.     Upon information and belief, at the time of the actual acts or omissions of Defendant, Defendant knew or should have known that said misconduct was wrongful and created an unreasonable risk of resulting in emotional distress and mental injury to Plaintiff.

73.     That such conduct as set forth above, was willful and intentional and with full knowledge by Defendants that such conduct was illegal and in violation of Plaintiff's legal rights.

74.     That such conduct as set forth above is outrageous, is not to be permitted and shocks the conscience and violates the decencies of a civilized society.

75.     As a direct and proximate result of Defendants' unlawful conduct, as alleged above, Plaintiff has suffered substantial actual damages, including but not limited to, lost income and employee benefits, career disruption, lost pension and other fringe benefits, and non-economic loss in the form of prestige, embarrassment, humiliation, mental distress and anxiety and inconvenience, all in an amount which cannot be ascertained precisely at this time, but which will be established in the course of discovery of comparative data regarding earnings and benefits by other employees.  Plaintiff alleges on information and belief past and future monetary losses and prejudgment interest all in an amount yet to be determined.

76.     Plaintiff is also entitled to compensatory damages for pain and suffering, loss of enjoyment of life, humiliation, mental distress and anxiety and inconvenience, all in an amount yet to be determined.

**WHEREFORE**, Plaintiff prays the following:

(a)     That the Court adjudge and decree, after jury trial, that Defendant's intentional and illegal conduct  has caused emotional distress and mental injury to Plaintiff;

(b)     That Plaintiff have judgment against Defendant, after jury trial, in an amount sufficient to make Plaintiff completely whole for the entire loss of income and all other employment

benefits she has suffered as a result of Defendants' unlawful employment practices, including, but not limited to, back-pay in an amount commensurate with that paid to employees occupying positions and responsibilities similar to those occupied by Plaintiff at the time of discharge; all increases in salary and other benefits which would have been enjoyed by Plaintiff had she not been unlawfully terminated; all wage increases and reimbursement by any and all lost fringe benefits, social security contributions; and any and all monetary and non-monetary actual compensatory damages to which Plaintiff is entitled for the injury and damages she has suffered;

(c)     That after jury trial, the Court enter judgment for all compensatory damages awarded by the jury, including damages for emotional, pain and suffering and inconvenience and mental anguish in amounts as proven at trial;

(d)     That after jury trial, the Court order Defendant to reinstate Plaintiff immediately to her former position, with all appropriate increases in salary and benefits, or in lieu of reinstatement, order Defendant to pay Plaintiff a reasonable award allowed by law for her future economic losses, plus prejudgment interest on all back pay found by the jury to be due and owing to the date of trial;

(e)     That after jury trial, the Court grant a permanent injunction enjoining Defendant from engaging in any employment practice which discriminates or harasses employees, including Plaintiff, because of her race, age, or disability;

(f)     That after jury trial, the Court allow Plaintiff her costs incurred herein, including reasonable attorney fees, and all other costs and expenses;

(g)     That after jury trial, the Court grant such additional affirmative relief as the Court may deem just and proper.


Respectfully submitted,
**WHIPPLE LAW FIRM, P.C.**

By: S/David W. Whipple
    **DAVID W. WHIPPLE        #70709**
818 Grand Avenue, Suite 400
Kansas City, MO  64106
(816) 842-6411
Fax:  842-6463

**ATTORNEYS FOR PLAINTIFF**

19

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by a jury in Kansas City, KS.

S/David W. Whipple
**DAVID W. WHIPPLE**